**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

SAPNA MIRCHANDANI
STAFF ATTORNEY

May 8, 2008

The Honorable J. Frederick Motz
United States District Judge
United States District Court for the District of Maryland
U.S. Courthouse, Chambers 5A
101 West Lombard Street
Baltimore, MD 21201

**Crack Retroactivity – Reply to Government's Response to Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)**

Re:   *United States v. Stephen Mitchell*, Case No. JFM-94-326

Dear Judge Motz:

Please accept and docket this letter as a reply to the government's response to Stephen Mitchell's motion for reduction of sentence under 18 U.S.C. § 3582(c). Although the government agrees that Mr. Mitchell's sentence should be reduced under § 3582, it opposes the extent of the reduction. Mr. Mitchell has requested a sentence of 135 months, which is the low end of the amended guideline range. The government contends that the new sentence should be 147 months because it is 12 months higher than the low end, which corresponds to Mr. Mitchell's original sentence of 180 months, which also was 12 months higher than the low end of the previous range. In support of its position, the government cites to the commentary accompanying § 1B1.10 of the U.S. Sentencing Guidelines.

The Court's authority to re-sentence Mr. Mitchell to the lowest point of the amended guideline range is not affected by the policy statements contained in U.S.S.G. § 1B1.10. As an initial matter, those statements are merely advisory under *United States v. Booker*, 543 U.S. 220 (2005). Moreover, the government is simply incorrect when it suggests that Application Note 3 to § 1B1.10 advises courts to impose a sentence that corresponds to the same point within the amended guideline range as the original sentence. Govt. Resp. at 1 ("[C]onsistent with revised Application Note 3 to U.S.S.G. § 1B1.10, it is the government's position that he ought to be re-sentenced to the same relative point within the new guideline range at which he was sentenced previously."). Instead, Application Note 3 makes clear that courts retain full discretion to impose any sentence under

The Honorable J. Frederick Motz
May 8, 2008
Page 2 of 3

§ 3582, subject to only two limitations: *first*, that the new sentence be within the amended guideline range (although a below-guideline sentence may justify a new sentence that is comparably lower than the amended guideline range); and *second*, that the new sentence not be less than the amount of time already served by the defendant. U.S.S.G. § 1B1.10, comm. n.3 ("[T]he amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement."). Application Note 3 says nothing that even can be *construed* as advising that a mid-range sentence should be replaced with a similar mid-range sentence. In fact, the only benchmark to which the application note refers is the low end of the guideline range: "[I]f the original term of imprisonment imposed was *within the guideline range* applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the *minimum term of imprisonment provided by the amended guideline range* determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comm. n.3 (emphasis supplied). Beyond this limitation and the one regarding sentences of "time served," the commentary emphasizes that sentencing courts are free to select any sentence that satisfies the sentencing goals of 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10, comm. n.3 ("Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section.").

In determining the extent of Mr. Mitchell's sentence reduction under § 3582, this Court should keep in mind that the Sentencing Commission itself has characterized Amendment 706, which lowered the offense levels for crack cocaine offenses, as only a *partial* remedy. *See* Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, May 1, 2007, available at http://www.ussc.gov ("The Commission . . . views the amendment only as an interim solution to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to those problems."). Thus, while the previous guideline resulted in a 100:1 ratio of powder cocaine to crack cocaine, the amended guideline results in a ratio that varies between 25:1 and 80:1 for the two forms of cocaine – thereby perpetuating, albeit to a lesser extent, unwarranted sentencing disparities. *See* Statement of Ricardo H. Hinojosa, Chair, U.S. Sentencing Commission, Before the Senate Judiciary Committee Subcommittee on Crime and Drugs, February 12, 2008, available at http://www.ussc.gov ("The Commission believes that there is no justification for the current statutory penalty scheme for powder and crack cocaine offenses. The Commission remains committed, however, to its recommendation in 2002 that any statutory ratio be no more than 20-to-1.").

In sum, according to § 1B1.10, this Court's sentencing decision is limited only by the amended guideline range applicable to Mr. Mitchell (135 to 168 months) and the amount of time he already has served (which is approximately 135 months, including good conduct time). What is more, according to the Sentencing Commission itself, the guideline reduction is only a partial remedy that narrows, but does not eliminate, the unwarranted sentencing disparities it was intended to address. For these reasons, the Court is encouraged to sentence Mr. Mitchell to the low end of the amended guideline range, 135 months. This sentence is "sufficient but not greater than

The Honorable J. Frederick Motz
May 8, 2008
Page 3 of 3

necessary" to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). Currently, Mr. Mitchell's projected release date is August 1, 2011. A 135-month sentence would move his release date forward by approximately 39 months so that it falls on or near May 1, 2008. Because this date already has passed, we respectfully request that the Court reduce Mr. Mitchell's sentence to "time served."

In the event that the Court decides to impose a sentence that is higher than the low end of the amended guideline range, Mr. Mitchell's new sentence should be no greater than 144 months – not 147 months, as the government suggests. The government claims that because Mr. Mitchell's original sentence was 12 months higher than the low end of the range, the new sentence should be 12 months higher than the low end of the amended range. But this transforms the recalculation of Mr. Mitchell's sentence to a form of bean-counting, ignoring the fact that the guideline range is just that - a *range*, the length of which varies significantly depending upon where a person falls on the sentencing table. (At one end of the table, the guideline ranges span only 6 months; at the other end of the table, the ranges span as many as 73 months.) For that reason, the Court should select a sentence that is *proportionally* higher than the low point of the sentencing range based on the entire length of that range, rather than choosing a sentence that is a particular *number of months* higher than that point. In this case, Mr. Mitchell's original sentence of 180 months was almost one-third higher than its lowest point, as measured against the 42-month span between 168 and 210 months. A proportional sentence within the amended guideline range would be almost one-third higher than its lowest point, as measured against the 33-month span between 135 and 168 months – or 144 months. A 144-month sentence would move Mr. Mitchell's release date forward by approximately 32 months to on or near December 01, 2008 – allowing Mr. Mitchell the chance to spend the holidays at home with his family for the first time in 10 years.

For all the reasons provided in Mr. Mitchell's motion for reduction of sentence – including his exemplary disciplinary record, strong work history, and commendable educational achievements – we respectfully request that the Court impose a sentence of 135 months, the low end of the amended guideline range. In the event that this Court decides to impose a sentence within the middle of the amended range, we respectfully suggest that a sentence of no more than 144 months is appropriate for the reasons stated above.

Thank you for your consideration of this matter.

Sincerely,

*Sapna Mirchandani*

Sapna Mirchandani

cc:   Barbara Sale, Assistant U.S. Attorney
      Estelle Santana, U.S. Probation Officer
      Stephen Mitchell